**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____

IN RE
ANCTIL PLUMBING & MECHANICAL                    Chapter 7
CONTRACTORS, INC.,                              Case No. 05-17495-WCH
      DEBTOR
_____

IN RE
ANCTIL LEASING, LLP,                            Chapter 7
      DEBTOR                                    Case No. 05-21832-WCH
_____

IN RE
ROBERT ANCTIL,                                  Chapter 7
      DEBTOR                                    Case No. 05-21817-WCH
_____

DONALD R. LASSMAN, Trustee of the Estates
of Anctil Plumbing & Mechanical Contractors,
Inc., Anctil Leasing, LLP, and Robert Anctil
      PLAINTIFF,
                                                Adversary Proceeding
v.                                              No. 08-1131

GORDON N. SCHULTZ and
SCHULTZ & CO.,
      DEFENDANTS.
_____

**MEMORANDUM OF DECISION REGARDING**
**MOTION TO DISMISS ADVERSARY PROCEEDING**

**I. INTRODUCTION**

      There are several matters before the Court. The Defendants Gordon N. Schultz and Schultz & Company (collectively, "Schultz") filed a motion to dismiss (the "Motion to Dismiss") the present

1

adversary proceeding filed by the Donald R. Lassman, the Chapter 7 trustee of the estates of Anctil Plumbing & Mechanical Contractors, Inc. (the "Corporation"), Ancil Leasing, LLP ("Leasing"), and Robert Anctil ("Debtor"), (the "Trustee") in which he seeks the turnover or recovery of $2,500 paid from the Corporation's debtor-in-possession account to Schultz prior to the conversion of the Corporation's case. The Trustee also seeks an order surcharging the legal fees and costs incurred by the estate in bringing this adversary proceeding against the balance of a pre-petition Chapter 11 retainer Schultz received from the Corporation. Schultz asserts that the Trustee has failed to state a claim upon which relief can be granted because the $2,500 was a permissible "flat fee retainer" paid for conversion services. Schultz also filed the Defendant's Motion for Sanctions Pursuant to Fed. R. Bankr. P. 9011(c)(1)(A) (the "Motion for Sanctions") asking that I order the costs associated with the defense of this adversary proceeding to be paid from the Chapter 7 estate. For the reasons set forth below, I will deny the Motion to Dismiss and the Motion for Sanctions.

## II. BACKGROUND

The facts of this case are not in dispute. On August 19, 2005, the Corporation filed a voluntary Chapter 11 petition. The Corporation was in the business of providing plumbing and mechanical services to commercial construction projects. Leasing filed its Chapter 11 case on October 11, 2005. On November 8, 2005, I granted a motion to substantively consolidate the two cases. The Debtor's individual case was filed under Chapter 7 on October 13, 2005. In January, 2006, the Debtor moved to convert his case to Chapter 11 and to jointly administer his case with the Corporation's and Leasing's cases. The motion was granted and the Debtor's case has been treated in parallel to the other two cases. On March 20, 2008, the consolidated case, as well as the Debtor's jointly administered case, was converted to Chapter 7 upon an uncontested motion filed by the

United States Trustee.[1]

Schultz was employed as counsel for each of the debtors prior to their conversion to Chapter 7 on March 20, 2008. The affidavits accompanying the Schultz's application for employment disclosed payment of a pre-petition retainer of $20,000.00 by the Corporation, from which $3,500.00 had been withdrawn for pre-petition services and $893.00 for the filing fee. The Trustee asserts, on information and belief, that Schultz continues to hold the balance of the pre-petition retainer.

During the course of the its Chapter 11 case, the Corporation filed the Motion for Interim and Final Order Authorizing Use of Cash Collateral (the "Cash Collateral Motion"). In the Cash Collateral Motion, the Corporation requested use of cash collateral otherwise subject to the security interest of Bristol Savings Bank (the "Lender") for the purpose of making payments for:

> (i) the Debtor's ongoing business expenses arising in the ordinary course of the Debtor's business, and primarily for (1) payroll and (2) the acquisition costs of new inventory as may be required to meet one or more post-petition construction projects, or (ii) any post-petition tax obligations required to be made by the Debtor under state or federal non-bankruptcy statutes, rules or regulations and arising out of the Debtor's management or operation of its assets; or (iii) for unforeseen contingencies that are both reasonable and necessary to the operation of the Debtor's business in its ordinary course; or (iv) *fees and expenses in the case as incurred pursuant to §§327 and 1103 of the Bankruptcy Code and as may be allowed by this Honorable Court upon proper Motion.*[2]

The Cash Collateral Motion further provided the Lender could terminate the Corporation's right to use cash collateral upon "the conversion of this case to a case under Chapter 7 of the Bankruptcy

---

[1] Although the debtors did not object to the United States Trustee's Motion to Convert, I note that a hearing on the matter was continued numerous times over the course of a year in order to give the debtors an opportunity to file a Chapter 11 plan and disclosure statement.

[2] Docket No. 70, ¶ 11 (emphasis added).

3

Code."[3]  I granted the Cash Collateral Motion by endorsement order on November 21, 2005.

On February 19, 2008, four days after the United States Trustee filed its Amended Motion to Convert, the Corporation paid Schultz $2,500 by a check drawn from the Corporation's debtor-in-possession account (the "Chapter 7 Retainer").  On April 7, 2008, forty-eight days after payment of the Chapter 7 Retainer and eighteen days after the cases were converted, Schultz filed two forms captioned "Disclosure of Compensation of Attorney for Debtor(s)" signed by Gordon N. Schultz and dated April 7, 2008 (the "Disclosure Statement(s)").[4]  One Disclosure Statement is captioned with the Corporation's name and case number and indicates that the "debtor" paid $2,500.00 to Schultz as a "flat fee retainer".  The second Disclosure Statement is also captioned with the Corporation's case number, but recites the Debtor's name in the caption.  It discloses an agreed fee of $2,500.00 of which nothing had been paid.

On May 21, 2008, the Trustee filed the present adversary proceeding seeking turnover under 11 U.S.C. § 542 or recovery of the Chapter 7 Retainer as an unauthorized post-petition transfer under 11 U.S.C. §§ 549 and 550.[5]  He also seeks to surcharge the fees and costs of this proceeding against the balance of the pre-petition retainer paid to Schultz or, in the alternative, to surcharge those amounts against fees to be paid to Schultz in the principal case.

Schultz moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012, for failure to state a claim upon which relief can be granted.  Schultz also seeks sanctions against the Trustee relative to the filing and service of the

---

[3] Id. at ¶ 22.B.4.

[4] Both were filed in the Corporation's case.  *See* Docket Nos. 256 and 257.

[5] This is a core proceeding.  11 U.S.C. § 157(b)(2)(A), (E).

4

present adversary proceeding because it is not warranted by existing law and has no legal foundation. I conducted a hearing on the matters on July 30, 2008, and at the conclusion of oral arguments, I took them under advisement. The Trustee, the United States Trustee, and Schultz filed various post-hearing memoranda.

### III. POSITIONS OF THE PARTIES

Schultz

Relying on *Lamie v. United States*[6] and the subsequent decision by Judge Gorton of this District in *Morse v. Ropes & Gray (In re CK Liquidation Corp.)*,[7] Schultz argues that the Chapter 7 Retainer was appropriately paid under the "flat fee retainer exception." Schultz asserts that *Lamie*, and subsequently *CK Liquidation Corp.*, recognized that 11 U.S.C. § 330(a)(1) does not prevent a debtor from paying reasonable compensation to counsel prior to a conversion to Chapter 7. In light of these opinions, Schultz contends that seeking employment under 11 U.S.C. § 327 was unnecessary because the Chapter 7 Retainer was paid within the flat fee retainer exception alternatively available to counsel. Schultz argues that the funds used to pay the Chapter 7 Retainer were property of the debtor, despite having been drawn from the Corporation's debtor-in-possession account, because the Corporation was authorized to use cash collateral. This order, Schultz asserts, specifically authorized the use of cash collateral for all ongoing expenses, including those that would be expressly permitted under the Bankruptcy Code.

As Schultz believes that the case law so clearly permits the payment of the Chapter 7 Retainer prior to conversion, they assert that the Trustee's Complaint is without legal basis.

---

[6] 549 U.S. 526 (2004).

[7] 343 B.R. 376 (D. Mass. 2006).

Accordingly, Schultz asks that I award costs to them from the Chapter 7 estate for time spent defending this adversary proceeding.

### The Trustee

In defense of his turnover and unauthorized post-petition payment claims, the Trustee argues that *Lamie* and its progeny are not applicable because Schultz misreads those decisions and ignores a critical distinction between those cases and the present one. The Trustee notes that *Lamie* expressly states that "[i]f the attorney is to be paid from estate funds under § 330(a)(1) in a Chapter 7 case, he must be employed by the trustee and approved by the court."[8] Accordingly, the Trustee argues that without prior Court approval, payment of the Chapter 7 Retainer from the Corporation's debtor-in-possession account violated the provisions of 11 U.S.C. § 330(a). In light of this conclusion, the Trustee contends that he has stated valid claims for relief, and therefore, sanctions are inappropriate.

### The United States Trustee

The United States Trustee argues that I should deny the Motion to Dismiss and grant judgment on the pleadings to the Trustee under Fed. R. Civ. P. 56(c), made applicable to bankruptcy proceedings under Fed. R. Bankr. P. 7056, as there are no disputed facts. In support of this conclusion, the United States Trustee asserts that the Chapter 7 Retainer constituted estate property and was paid without Court authorization. To the extent that the Corporation was authorized to use cash collateral, the payment was not made in the ordinary course of the Corporation's business. Moreover, Schultz was not retained by the Trustee and the United States Trustee contends that the

---

[8] 549 U.S. at 538-539.

6

Disclosure of Compensation in the main case is not the functional equivalent of an order of employment under 11 U.S.C. § 327(a) or (e). Agreeing with the Trustee, the United States Trustee argues that there is no dicta in *Lamie* which authorizes the payment.

## IV. DISCUSSION

    A. The Proper Standard of Review

The Supreme Court of the United States instructs that in order to survive a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), a complaint must allege "a plausible entitlement to relief."[9] Here, the facts are undisputed and the Motion to Dismiss does not challenge the sufficiency of the facts alleged in the Complaint. Instead, the Motion to Dismiss challenges the legal basis of the Trustee's claims. Where there is no genuine issue of material fact and solely legal issues remain before me, the Trustee must effectively demonstrate entitlement to judgment as a matter of law in order to show a "plausible entitlement to relief" and survive the Motion to Dismiss.[10] As such, I will treat the Motion to Dismiss and opposition thereto as cross-motions for summary judgment under Fed. R. Civ. P. 56(c).[11]

---

[9] *Bell Atlantic Corp. v. Twombly*, – U.S. – , 127 S.Ct. 1955, 1967, 167 L.Ed. 2d 929 (2007).

[10] *Cf. Celotex Corp. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"). I note, however, that reviewing materials on the public docket in these cases is permissible under a rule 12(b)(6) standard. *See Braunstein v. Panagiotou (In re The McCabe Group, P.C.)*, No. 03-17429-WCH, 2006 WL 2604685 (Bankr. D. Mass. Sept. 11, 2006).

[11] The parties were provided with express notice of this treatment and given the opportunity to proffer additional documentary evidence. *See Maldonado v. Dominguez*, 137 F.3d 1, 5 (1st Cir. 1998).

B. <u>The Application of *Lamie*</u>[12]

In *Lamie*, the petitioner was retained by a corporation to file a Chapter 11 petition on its behalf. The petitioner was paid a retainer prior to the filing and was subsequently retained by order of the bankruptcy court as attorney for the debtor-in-possession. The case was later converted to Chapter 7 on motion of the United States Trustee. Notwithstanding the conversion, the petitioner continued to provide legal services to the debtor even though he had not been retained by the Chapter 7 trustee. When he subsequently sought compensation for those services, his application was denied by the bankruptcy court. On appeal, that decision was affirmed by both the district court and the court of appeals. Certiorari was sought and granted.

The issue arose because of a 1994 amendment to 11 U.S.C. § 330(a). Prior to the amendment, that section authorized the bankruptcy court, with some limitations, to "award to a trustee, to an examiner, to a professional person employed under 327 or 1103 of this title, *or to the debtor's attorney* . . . reasonable compensation. . . ."[13] The amendment deleted the italicized words. Unfortunately, the scrivener was quite sloppy in other respects, leaving room for an argument that the deletion was an error, the words having accidentally fallen out during the editing process.[14]

The Supreme Court, however, found no ambiguity:

The statute is awkward, and even ungrammatical; but that does not make it ambiguous on the point at issue. . . . A debtor's attorney not engaged as provided by

---

[12] So much has been written about *Lamie* that I have reduced this discussion to the minimum.

[13] 11 U.S.C. § 330(a) (1988).

[14] Anyone interested in this discussion is referred to the Supreme Court's opinion and the mass of subsequent writing expounding thereupon.

§ 327 is simply not included within the class of persons eligible for compensation.[15]

\* \* \*

[That section] does not authorize compensation awards to debtors' attorneys *from estate funds* unless they are employed as authorized by § 327.[16]

\* \* \*

Section 330(a)(1) does not prevent a debtor from engaging counsel before a chapter 7 conversion and paying reasonable compensation in advance to ensure that the filing is in order.[17]

The italicized words, "from estate funds," are asserted to create what has been described as the "retainer exception" to *Lamie*. Thus, it is said, where a retainer is a "flat fee" retainer whereby counsel takes title to the fee on the date of payment, as opposed to a "security retainer," the pre-filing payment is not "from estate funds."[18]

Judge Gorton's opinion in *CK Liquidation Corp.* is a direct application of *Lamie* on virtually identical facts. He found that:

> Because [counsel] was not appointed as the Debtor's Chapter 7 counsel, it is entitled to payment for services rendered post-conversion only if 1) *Lamie's* "retainer exception" authorizes payment, 2) the Retainer was not property of the Chapter 7 estate upon conversation, or 3) some other exception applies.[19]

Judge Gorton held that the retainer before him was a security retainer, not a flat fee retainer,

---

[15] 540 U.S. at 534.

[16] *Id*. at 538 (emphasis added).

[17] *Id*. at 537-538.

[18] *See CK Liquidation Corp.*, 343 B.R. at 379 n.3.

[19] *Id.* at 383.

9

and the retainer exception did not apply.[20]  Hence, counsel was not entitled to fees from the estate for services rendered after the conversion to Chapter 7.

As noted, the Chapter 7 Retainer was, with a quiet nod to *Lamie*, denominated as a flat fee retainer.  This, however, is an inadequate invocation of the exception as the Chapter 7 Retainer had been paid not only pre-conversion, but *post-filing*, and that makes all of the difference.  When the petition is filed, property of the estate comes into being.[21]  *Lamie* expressly states that 11 U.S.C. "§ 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds unless they are employed as authorized by § 327."[22]  While perhaps a bit confusing on its face, this statement is completely consistent with the previously quoted dicta on which Schultz relies.  The Supreme Court's conclusion that "[s]ection 330(a)(1) does not prevent a debtor from engaging counsel before a chapter 7 conversion and paying reasonable compensation in advance to ensure that the filing is in order," simply does not mean that 11 U.S.C. § 330(a)(1) specifically authorizes such a payment from property of the estate.[23]  Rather, it implicitly recognizes that individual debtors may have "property of the debtor" made up of exempt assets form which they could pay counsel for legal services performed in advance of a conversion to Chapter 7 while a bankruptcy case is pending under another chapter.[24]

---

[20] *Id*. at 384.

[21] 11 U.S.C. § 541(a).

[22] 540 U.S. at 538.

[23]  *Id*. at 537-538.  The Supreme Court's use of the word "filing" with respect to a converted case is curious as a converted case is not technically "filed."

[24] I note, however, that even a pre-conversion payment from a debtor's exempt assets is subject to court review and the possibility of disgorgement.  See 11 U.S.C. § 329.

Here, the Chapter 7 Retainer was, as noted, paid during the pendency of the Chapter 11 portion of the case from property of the estate. Schultz did not seek authorization for this payment, and instead relied on the fact that the Corporation was authorized to use cash collateral based on my November 21, 2005 order. This reasoning is flawed. First, a court order authorizing the use of cash collateral does not, as Schultz implies, convert cash collateral into property of the debtor. Second, my November 21, 2005 order authorizing the use of cash collateral provides, by endorsement, that cash collateral may only be used to pay "fees and expenses in the case as incurred pursuant to §§327 and 1103 of the Bankruptcy Code and as may be allowed by this Honorable Court upon proper Motion."[25] As the Chapter 7 Retainer was admittedly not incurred pursuant to 11 U.S.C. § 327 and was not allowed by the Court, the Corporation did not have authorization to use the Lender's cash collateral to pay Schultz the Chapter 7 Retainer.

I find Schultz's position is ill taken and will therefore deny the Motion to Dismiss and enter summary judgment for the Trustee. As the Trustee's position is well founded, no sanctions shall be awarded against the him, even assuming that they would be available. Moreover, surcharging the legal fees and costs incurred by the Chapter 7 estate in bringing this adversary proceeding against the pre-petition retainer is appropriate because Schultz's position was completely meritless and explicitly unsupported by the very case law upon which Schultz relied. Accordingly, I will order the Trustee to file a fee application in accordance with Fed. R. Bankr. P. 2016 and Massachusetts Local Bankruptcy Rule ("MLBR") 2016-1.

---

[25] Docket No. 70, ¶ 11.

## V. <u>CONCLUSION</u>

In light of the foregoing, I will enter an order denying the Motion to Dismiss, denying the Motion for Sanctions, granting summary judgment to the Trustee on Counts I and II of the Complaint, and ordering the Chapter 7 trustee to file a fee application in accordance with Fed. R. Bankr. P. 2016 and MLBR 2016-1 .

*/s/ William C. Hillman*

_____
William C. Hillman
United States Bankruptcy Judge

Dated: September 15, 2008